Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| HARPREET SINGH,<br><br>          Plaintiff,<br>     vs.<br><br>ROOP SINGH & DHALIWAL, INC.,<br><br>          Defendants.<br>_____/ | **COMPLAINT AND JURY DEMAND** |

COMES NOW plaintiff, through counsel, and hereby complains of defendants as follows:

<u>Jurisdiction, Venue & Jury Demand</u>

1. Plaintiff is a man who provided labor at defendants' commercial businesses, one of which was a Chevron gas station, located in Battle Mountain, Nevada.   Defendant Dhaliwal, Inc., is believed to own and/or operate that business.  Plaintiff is from the country of India and is not yet a United States citizen.  Another was the Royal Inn, also located in Battle Mountain, Nevada.  Defendant Singh is plaintiff's uncle.   Plaintiff commenced providing labor for defendants, performing non-managerial tasks,  at the beginning of April, 2018 and continued to provide labor for defendants until approximately September 16, 2020.    Plaintiff routinely worked long hours, i.e., often as many as 15 hours per day, seven days per week.   Defendants

paid plaintiff almost nothing for his labor.  On at least one occasion, defendants purported to pay plaintiff, but those transactions were sham transactions, i.e., defendants required plaintiff to almost immediately transfer almost all of the monies ostensibly paid to plaintiff back to defendants.   Defendants actually paid a total of approximately one thousand dollars ($1,000.00) for years of labor.  Plaintiff, after fleeing Battle Mountain, in order to vitiate  the control defendants exercised over plaintiff, moved to California, where he currently resides.  Plaintiff hereby requests a jury trial re those issues so triable.

  2. Defendant Roop Singh is a man who resides in Battle Mountain, Nevada, and who owns and/or manages various entities, including those which benefitted from plaintiff's labor.  The other defendants are incorporated or licensed in the State of Nevada, which conduct business in Nevada, i.e., primarily in Lander County, in which Battle Mountain is located, in Nevada, where plaintiff labored.  At all times herein mentioned defendant Roop Singh acted as an agent, and or on behalf of defendant Dhaliwal, Inc., which is therefore liable for his statements and conduct.

  3. Dhaliwal, Inc. is a Nevada corporation, limited liability company, or some other entity which owned and/or operated at least one of the facilities where at plaintiff worked.

  4. This Court has diversity jurisdiction over this case per 28 U.S.C. 1332.  The Court has subject matter jurisdiction because plaintiff is a resident of California and defendants live, are incorporated or licensed in Nevada.  More than $75,000.00 (seventy-five thousand dollars), exclusive of interest and costs, is at issue.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331, i.e., per 18 U.S.C. 1581, et seq.  This Court has supplement jurisdiction over plaintiff's state law claims per 28 U.S.C. sec. 1367.

  5. This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in the geographical area of this judicial District.

<u>First Cause of Action</u>

(Human Trafficking/Peonage)

6. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5, inclusive, as though the allegations were stated herein and also incorporates all other allegations herein as if they were fully stated in this cause of action.

7. Defendants violated Chapter 18 of the United States Code. For instance, defendants obtained the labor of plaintiff by a combination of force, threats of force (including the threat, implicit or explicit, to use a firearm), threats of deportation, mental abuse and isolation, the withholding of plaintiff's documents which relate to immigration, i.e., plaintiff's ability to obtain legal residency/citizenship and his ability to remain legally within the boundaries of the United States of America.   See, e.g., 18 U.S.C. sec. 1589.

8. Defendants knowingly, or with reckless disregard, derived financial benefit from plaintiff's labor, which as stated was obtained through a combination of force, intimidation, threats of serious harm, physical abuse, and the withholding of plaintiff's immigration documents in conjunction with threats of deportation. See, e.g., 18 U.S.C. section 1589 (c)(2).

9. Defendants concealed, confiscated and/or withheld (possessed) plaintiff's documents regarding his entry into the United States and/or his ability to legally remain in the United States and/or obtain legal residency and/or citizenship in order to prevent and restrict plaintiff's ability to travel, so as to maintain the unpaid services of plaintiff. See, e.g., 18 U.S.C. sec. 1592. Defendant continues to withhold such documents from plaintiff, notwithstanding a demand, sent to defendant Roop Singh by certified mail that such documents be produced to plaintiff.

10. As a direct and proximate result of defendants' actions and statements, plaintiff was damaged in that he was deprived of wages and overtime wages, as alleged herein. Plaintiff was also damaged, as described herein. Accordingly, plaintiff is entitled, per 18 U.S.C. sec. 1593 to full restitution, including overtime wages, damages, punitive damages, costs and a reasonable attorney's fee.

11.  It has been necessary for plaintiff to retain counsel and incur costs in order to vindicate his rights under federal law, and under the laws of the State of Nevada.

Second Cause of Action

(Wage and Hour Claim, per Chapter 608 of the Nevada Revised Statutes)

12.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, inclusive, and all other allegations herein stated, as though they were fully articulated herein.

13.  Defendants owe plaintiff monies (minus the small amount plaintiff was actually paid (approximately one thousand dollars ($1,000.00) and any appropriate reduction for meals and board) for the hours he worked, i.e., approximately 14 hours per day from the beginning of April, 2018, until September 16, 2020.  Defendants owe plaintiff wages at the minimum wage rate for all relevant periods, and overtime for hours in excess of 40 per each week.

14.  Defendants are estopped from asserting a limitations defense because of the oppressive and intimidating conduct directed at plaintiff.  For instance, defendant Roop Singh beat plaintiff; threatened plaintiff with a gun; refused plaintiff access to him immigration documents – thereby preventing plaintiff from pursuing residency/citizenship in the United States and simultaneously endangering plaintiff's legal ability to stay in the United States; isolated plaintiff; forced plaintiff to work excessive hours; and otherwise physically and psychologically intimidated and terrorized plaintiff – to the point at which plaintiff's ability to function as a rational and healthy person was markedly diminished.  Accordingly, defendants are equitably estopped and otherwise legally prevented from extracting any benefit from delaying plaintiff from exercising his legal rights.

15.  Plaintiff has posited a request for payment of unpaid wages, per Nevada Revised Statute 608.140.  More than five days have elapsed since defendant Roop Singh received this request/demand and no payment has been received.  Nor has defendant Roop Singh, or any other defendant, indicated any intention to pay the unpaid wages.  Accordingly, defendants will be obligated to pay plaintiff a reasonable attorney's fee and costs for prosecuting this action.

16. As a direct and proximate result of the failure to pay plaintiff, plaintiff has been damaged, i.e., he has been deprived of the income he earned while working at defendants' businesses.

17. It has been necessary for plaintiff to retain counsel and incur costs in order to prosecution this action.

### Third Cause of Action

(Battery and Assault)

18. Plaintiff hereby incorporates the allegations of paragraphs 1 through 17, inclusive, as well as all other allegations articulated herein.

19. On at least two occasions defendant Roop Singh, acting on behalf of the business entities which he operated and/or owns part or all of, i.e., i.e., the other named defendants, did repeatedly strike plaintiff in a violent manner for the purpose of punishing plaintiff and/or terrorizing plaintiff, i.e., so as to maintain and enhance his ability to control plaintiff. Regardless of the reason(s) for striking plaintiff, defendant Singh's conduct was without legal justification or right and constituted the tort of battery.

20. On a number of occasions defendant Roop Singh caused plaintiff to apprehend he was about to be struck, i.e., he committed the tort of assault.

21. On several occasions defendant Roop Singh threatened plaintiff with a firearm

22. Defendant Roop Singh's actions constituted the torts of battery and assault.

23. As a direct and proximate result of being battered and assaulted, plaintiff suffered physical pain, bruising, fear and apprehension, humiliation, loss of enjoyment of life and emotional distress.

### Fourth Cause of Action

(Negligent Infliction of Emotional Distress)

24. Plaintiff hereby incorporates the allegations stated in paragraphs 1 through 23, inclusive, as well as all other allegations herein articulated.

25. Defendants' course of oppression, battery, assault, economic exploitation, e.g., sometimes compelling plaintiff to work as many as 100 hours in a week, was implemented without due consideration as to the effect such a course would have on plaintiff.

26. Defendants owed a duty of care to plaintiff in their capacity as plaintiff's employer and also because defendants voluntarily undertook a duty to care for plaintiff, e.g., to provide housing and food.  Furthermore, defendant Roop Singh, by virtue of his superior economic position, i.e., defendant Singh owned and/or operated the businesses at which plaintiff worked and provided plaintiff with food and housing, owed plaintiff a duty of care by virtue of such position.  Further, defendant Roop Singh owed plaintiff a duty of care per the above-stated circumstances and by virtue of a familial connection, i.e., defendant Singh is plaintiff's uncle. When plaintiff agreed to work for defendant Singh, he relied, and was entitled to rely, on promises, implicit and/or explicit, to the effect defendant Singh would ensure plaintiff was protected and afforded all legal rights, including fair compensation for his labor.  Defendant Singh is estopped from denying the existence of a duty of care relative to plaintiff.  At all times herein mention, defendant Roop Singh acted as the agent for the other named defendants and each defendant is jointly and severally liable.

27. Defendants breached the duty of care they owed to plaintiff by virtue of the conduct alleged herein.

28. As a direct and proximate result, plaintiff suffered emotional distress, fear, apprehension, feelings of helplessness, various physical manifestations, e.g., sleep problems and loss of enjoyment of life.

Fifth Cause of Action

(Outrage and/or Intentional Infliction of Emotional Distress)

29. Plaintiff hereby incorporates the allegations of paragraphs 1 through 28, inclusive, as though the same were fully set forth herein.

30. Defendants' conduct constitutes the tort of outrage and/or intentional infliction of

emotional distress.  Defendants knew, and should have known, their conduct would cause plaintiff substantial psychological suffering and yet indulged in predatory and abusive conduct toward plaintiff, as described herein.  Defendants profited from the psychological harm they inflicted upon plaintiff. That harm had the predictable effect of making plaintiff feel helpless and keeping plaintiff, essentially in a state of peonage or slavery, for more than two years.

31.  Defendants had no legal, moral or equitable right to subject plaintiff to a course of physical intimidation and harm, and psychological harm.

32.  As a direct and proximate result, plaintiff did suffer intense psychological harm, loss of enjoyment of life, emotional distress, physical pain, fear and apprehension.

### Sixth Cause of Action

(Unjust Enrichment)

33.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 32, inclusive, as though the same were fully set forth herein.

32.  Both defendants were unjustly enriched by the labor provided by plaintiff and are therefore obligated to compensate plaintiff, e.g., to disgorge an amount sufficient to fairly compensate plaintiff for his labor, including the excessive hours, or overtime hours, which plaintiff expended.

33.  As a direct and proximate result of defendants' scheme and efforts to unjustly enrich themselves, plaintiff was injured and damaged as described herein.

WHEREFORE, plaintiff requests the following relief:

1.  For awards of compensatory damages;

2.  For awards of punitive damages sufficient to punish and deter defendants from engaging in similar conduct;

3.  For an award of special or actual economic damages, according to proof;

4.  For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendants to forego from treating other persons in a similar manner in which plaintiff was treated, and for whatever other relief the Court or jury may deem just.

6. For the appointment of a Court Master to oversee defendant Singh and any and all of his businesses so as to ensure he does not engage in similar conduct relative to any other person.

DATED this 23rd day of February, 2021.

        /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiff*