**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| HARPREET SINGH, | Case No. 3:21-cv-00094-HDM-WGC |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| ROOP SINGH and DHALIWAL, INC., | |
| Defendants. | |

Before the court is the defendants' motion to dismiss (ECF No. 11). The plaintiff has opposed or, in the alternative, moved to strike the motion to dismiss (ECF No. 16). The defendants have filed a reply (ECF No. 24).

The complaint in this action alleges several causes of action, including a federal claim of human trafficking/peonage in violation of 18 U.S.C. §§ 1589 and 1592 and several state law claims. The complaint claims this court has jurisdiction on the grounds of both diversity and federal question jurisdiction. The defendants now move to dismiss the complaint for lack of jurisdiction and failure to state a claim. The defendants first assert that diversity jurisdiction does not exist because, assuming as true their version of events, the amount in controversy cannot be met. Next, the defendants assert that although the federal human trafficking claim would otherwise provide the court

1

with subject matter jurisdiction, that claim is insufficiently pled. The court addresses first the human trafficking claim.

Under § 1589, it is unlawful to

> knowingly provide[] or obtain[] the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

A defendant "is guilty of forced labor if he intends to cause a person in his employ to believe that if she does not continue to work, she will suffer the type of serious harm—physical or nonphysical, including psychological, financial, reputation harm—that would compel someone in her circumstances to continue working to avoid that harm." *United States v. Dann*, 652 F.3d 1160, 1169-70 (9th Cir. 2011). A violation of § 1589 requires two things: (1) the threat of harm must be serious – that is, "the threat, considered from the vantage point of a reasonable person in the place of the victim, must be 'sufficiently serious' to compel that person to remain"; and (2) there must be scienter – that is, "the employer intended the victim to believe that such harm would befall her" if she did not continue to work. *Id.* Both of these elements must be alleged in the complaint to sufficiently state a § 1589 violation. *See Mallela v. Cogent Infotech Corp.*, 2020 WL 2541860, at *4 (W.D. Pa. 2020) (unpublished disposition).

Section 1592 makes it unlawful to

> knowingly destroy[], conceal[], remove[], confiscate[], or possess[] any actual or purported passport or other

2

immigration document, or any other actual or purported government identification document, of another person-- (1) in the course of a violation of [§ 1589] . . . ; (2) with intent to violate [§ 1589] . . . ; or (3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000. . . .

A violation of § 1592, referred to as "document servitude," also requires the defendant to have acted knowingly, *i.e.*, the defendant must have intended to obtain the plaintiff's forced labor by the withholding of the documents. *Dann*, 652 F.3d at 1173.

The defendants assert that the plaintiff has not alleged they intentionally violated the relevant statutes. The defendants also argue that no plausible claim of human trafficking has been pled.

The complaint alleges that the defendants obtained the plaintiff's labor "by a combination of force, threats of force (including the threat, implicit or explicit, to use a firearm), threats of deportation, mental abuse and isolation, [and] the withholding of [his immigration] documents. . . ." (Compl. 3). It further asserts the "[d]efendants knowingly, or with reckless disregard, derived financial benefit from plaintiff's labor, which . . . was obtained through a combination of force, intimidation, threats of serious harm, physical abuse, and the withholding of plaintiff's immigration documents in conjunction with threats of deportation." (*Id.*) The complaint later specifies that Roop Singh "beat plaintiff; threatened plaintiff with a gun; refused plaintiff access to him immigration documents . . . ; isolated plaintiff; forced plaintiff to work excessive hours; and otherwise physically and psychologically intimidated and terrorized

3

plaintiff – to the point at which plaintiff's ability to function as a rational and healthy person was markedly diminished." (*Id.* at 4). It also later alleges that at least twice, Roop Singh repeatedly struck "plaintiff in a violent manner for the purpose of punishing plaintiff and/or terrorizing plaintiff, i.e., so as to maintain and enhance his ability to control plaintiff," on "a number of occasions . . . caused plaintiff to apprehend he was about to be struck," and on "several occasions . . . threatened plaintiff with a firearm." (Compl. 5).

The complaint sufficiently alleges serious harm – that is, threats or actions that, "considered from the vantage point of a reasonable person in the place of the victim, [were] 'sufficiently serious' to compel that person to remain" working for the defendant. The defendants do not in fact dispute that serious harm has been alleged. Rather, the defendants argue that the plaintiff's version of events is simply not true and that under the facts as they actually were, the plaintiff cannot state a human trafficking claim. A factual argument such as this, however, is not appropriately resolved on a motion to dismiss and is not a proper basis for dismissal of the claim.

As to scienter, the court concludes that this element has been sufficiently alleged. The complaint asserts that the defendants acted knowingly in order to control the plaintiff and obtain his free or underpaid labor. Accordingly, the complaint sufficiently sets forth claim of violation of 18 U.S.C. § 1589 and § 1592.

The remainder of the defendants' arguments, with respect to both the human trafficking/peonage claim and the amount in

4

controversy, depend on disputed facts that are not appropriately resolved on a motion to dismiss.

In accordance with the foregoing, the motion to dismiss (ECF No. 11) is hereby DENIED WITHOUT PREJUDICE to renew at the close of discovery as a motion for summary judgment. The plaintiff's motion to strike the motion to dismiss (ECF No. 16) is therefore DENIED AS MOOT.

IT IS SO ORDERED.

DATED: this 11th day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE