UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARPREET SINGH,<br><br>　　　Plaintiff<br><br>v.<br><br>ROOP SINGH, et al.,<br><br>　　　Defendants | Case No.: 3:21-cv-00094-HDM-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to prosecute.

**I. BACKGROUND**

Plaintiff, represented by counsel, Mark Mausert, Esq., filed a complaint on February 23, 2021, asserting claims of human trafficking/peonage, State law wage and hour claims, assault and battery, negligent and intentional infliction of emotional distress and unjust enrichment. (ECF No. 1.) The parties participated in an early neutral evaluation on June 15, 2021, but they were unsuccessful in settling this matter. (ECF No. 25.)

The scheduling order deadlines were recently extended so discovery was set to close on September 8, 2022, and dispositive motions were due on October 10, 2022. (ECF No. 44.)

On August 29, 2022, Plaintiff's counsel filed a motion to withdraw based on a failure of his client to cooperate, communicate, and heed counsel's advice. (ECF No. 45.) The motion was served on Plaintiff. (*Id*. at 5.) At the same time, the parties submitted a stipulation to extend the

scheduling order deadlines by an additional 90 days while the court considers the motion to withdraw and to give Plaintiff time to retain new counsel. (ECF No. 46.)

The court set a hearing on the motion to withdraw and proposed extension of the scheduling order deadlines for September 13, 2022. The court ordered Plaintiff to file a response to the motion to withdraw by noon on September 12, 2022. The court ordered the Clerk to serve Plaintiff directly with a copy of the order. (ECF No. 47.)

Plaintiff failed to file a response to the motion to withdraw. Nor did he appear for the September 13, 2022, hearing. The court granted the motion to withdraw at the hearing.

Having heard nothing from Plaintiff about how he wished to proceed in obtaining new counsel, or otherwise, on September 13, 2022, the court issued an Order to Show Cause, giving Plaintiff until October 13, 2022, to file and serve a response indicating an intent to prosecute this action. Plaintiff was advised that a failure to do so would result in a recommendation that this action be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). In addition, the court denied the stipulation to extend the scheduling order deadlines without prejudice, and the court stayed the remaining deadlines pending resolution of the Order to Show Cause. (ECF No. 49.)

To date, Plaintiff has not filed a response to the Order to Show Cause or made any other contact with the court indicating an intent to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not indicated an intent to prosecute this action despite the court giving him an opportunity to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the Defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

3

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 21, 2022

_____
Craig S. Denney
United States Magistrate Judge