**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HARPREET SINGH,<br><br>                    Plaintiff,<br>   v.<br><br>ROOP SINGH and DHALIWAL, INC.,<br><br>                    Defendants.<br><br>And related counterclaims. | Case No. 3:21-cv-00094-HDM-WGC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART** |

The court has considered the report and recommendation of the United States Magistrate Judge (ECF No. 53) filed on November 29, 2022, in which the magistrate judge recommends that this court enter an order dismissing the plaintiff/counter-defendant Harpreet Singh's complaint for failure to prosecute or otherwise respond to court orders. The magistrate judge also recommends that the action be allowed to proceed on defendant/counter-claimant Roop Singh's counterclaims. Harpreet Singh has filed objections (ECF No. 56) through counsel, making a limited appearance on his behalf, and Roop Singh has responded (ECF No. 57).

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby

ADOPTS AND ACCEPTS IN PART the report and recommendation of

1

the United States Magistrate Judge (ECF No. 53), to the extent it recommends dismissing Harpreet Singh's claims for failure to prosecute or respond to court orders. Despite Harpreet Singh's eventual appearance in the form of objections to the report and recommendation, he failed to respond to his attorney's motion to withdraw, as ordered by the court, did not appear at the hearing on his attorney's motion to withdraw, and failed to respond to the magistrate judge's order to show cause why the action should not be dismissed. Before that time, Harpreet Singh had stopped communicating or cooperating with his attorney, ultimately failing to advise his attorney whether he would accept or reject an offer of judgment. The delay caused by Harpreet Singh's actions was unreasonable and has thwarted the public's interest in expeditious resolution of cases and the court's ability to manage its docket. Even in objecting to the report and recommendation Harpreet Singh does not do so through substitute counsel who will handle his entire case, nor has he explained what specific efforts he has made to obtain counsel or that he will prosecute this case *pro se*. While less drastic sanctions are perhaps available given that Harpreet Singh has reappeared in this case, the court finds that this factor does not outweigh the other four factors, which strongly favor dismissal. Accordingly, this action will be dismissed with prejudice for failure to prosecute and respond to court orders. See *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

    The court, however, declines to adopt the magistrate judge's recommendation that this case be allowed to proceed on Roop Singh's

counterclaims. All three counterclaims arise under state law. There is no indication that the court has diversity jurisdiction over these claims, and thus the only basis for jurisdiction would be supplemental. A district court need not actuate supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). It is generally preferable to dismiss pendent state claims after federal claims have been dismissed. *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987). Accordingly, the court declines to exercise supplemental jurisdiction over the state law counterclaims, and those claims are therefore DISMISSED WITHOUT PREJUDICE to refiling in state court.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the plaintiff's claims in this matter are hereby DISMISSED WITH PREJUDICE, and the defendant's counterclaims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: this 17th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE